# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE


**Kenneth Violette**

    v.

                                     Civil No. 07-cv-47-PB

                                     Opinion No.  2007 DNH 129

**Warden, New Hampshire State Prison**


## MEMORANDUM AND ORDER

Kenneth Violette pled guilty to four counts of aggravated felonious sexual assault and one count of attempted aggravated felonious sexual assault in Hillsborough County Superior Court on July 1, 1998.  He was sentenced to three concurrent seven-and-one-half to twenty-year sentences imposed consecutively on two concurrent seven-and-one-half to twenty-year sentences.  Violette is currently incarcerated in the New Hampshire State Prison.

In February 2007, Violette filed a petition for writ of habeas corpus in this court, arguing that imposition of consecutive sentences under New Hampshire law violated his federal Fourteenth Amendment right to due process for two reasons.  First, Violette argues that New Hampshire law does not

provide fair notice regarding the risk of consecutive sentences. Second, Violette argues that the New Hampshire Supreme Court incorrectly construed ambiguities in State law against him, in violation of the rule of lenity. Because Violette's petition is not timely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), I do not reach the merits of his petition.

## I.  STANDARD OF REVIEW

AEDPA provides that a one-year period of limitation shall apply to a petition for writ of habeas corpus brought by a person in custody pursuant to the judgment of a state court.  28 U.S.C. § 2244(d)(1).  This limitation period runs from the date on which the judgment became final, either by the conclusion of direct review or by the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).  There are some exceptions to this rule.  For example, the limitation period would be calculated differently if the State created an impediment that prevented the applicant from filing his petition, if the petition asserted a constitutional right that was newly recognized and made retroactively applicable by the United States Supreme Court,

or if the factual predicate for the claim could not have been discovered within the one-year period. See 28 U.S.C. § 2244(d)(1)(B)-(D). Further, the time during which a properly filed application for post-conviction relief or collateral review is pending in state court does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2).

## II.  PROCEDURAL BACKGROUND

Violette's conviction became final on July 1, 1998, the date Violette pled guilty and was sentenced. See Burton v. Stewart, 127 S. Ct. 793, 799-800 (2007) (quoting Berman v. United States, 302 U.S. 211, 212 (1937)). Under New Hampshire Supreme Court Rule 7, Violette had 30 days to file an appeal for direct review. N.H. Sup. Ct. R. 7. Violette never filed an appeal and the 30-day time period for seeking direct review expired on July 31, 1998.

Violette did file a collateral attack challenging his sentence in the form of a Petition to Correct Illegal Sentence or for Habeas Relief in Hillsborough Superior Court on March 30, 2006. Violette asserted in his petition that the imposition of

consecutive sentences in New Hampshire violated the state and federal constitutions because it violated separation of powers and the due process requirement of fair notice. The superior court denied Violette's petition on April 19, 2006.

Violette appealed the trial court's denial of his petition, and the New Hampshire Supreme Court deferred screening of Violette's appeal pending its decision in Duquette v. Warden, New Hampshire State Prison. In Duquette, the New Hampshire Supreme Court addressed the fact that New Hampshire law is silent on the issue of whether consecutive sentences may be imposed. Duquette v. Warden, N.H. State Prison, 919 A.2d 767, 771 (N.H. 2007). The court concluded that, despite the lack of explicit statutory authority for imposition of consecutive sentences, the judiciary retains common law authority to impose consecutive sentences. Id. at 772. The court also addressed the "fair notice" constitutional argument, holding: "We conclude that a person of ordinary intelligence would understand that a person guilty of multiple counts of aggravated felonious sexual assault could be subject to separate sentences for each count." Id. at 773. Finally, the court addressed the separation of powers argument,

holding that the judiciary does not usurp legislative power by imposing consecutive sentences. Id. at 775.

On April 13, 2007, the New Hampshire Supreme Court declined Violette's notice of appeal, in light of its decision in Duquette.

### III. **ANALYSIS**

Violette argues that the AEDPA limitation period did not begin to run until the New Hampshire Supreme Court declined to review his appeal from the Superior Court's denial of his habeas corpus petition. Violette's habeas corpus petition, however, was a collateral attack on his sentence, not a direct appeal. AEDPA provides that the statutory limitation period begins to run at the conclusion of direct review or at the expiration of the time for seeking direct review, unless one of the special circumstances in 28 U.S.C. § 2244(d)(1)(B)-(D) applies. 28 U.S.C. § 2244(d)(1)(A).

The AEDPA limitation period is tolled while a petition for collateral review is pending in state court, but the filing of a petition for collateral review after the period has expired does

not "reset the clock" or revive an expired time period.  See 28 U.S.C. § 2244(d)(2); Trapp v. Spencer, 479 F.3d 53, 58-59 (1st Cir. 2007).  For Violette, the time period for seeking direct review expired on July 31, 1998.  See N.H. Sup. Ct. R. 7. Accordingly, pursuant to AEDPA, the time period for applying for a writ of habeas corpus expired for Violette one year later on July 31, 1999.  See 28 U.S.C. § 2244(d)(1)(A).  Violette's collateral attack on his sentence is irrelevant to the calculation of the AEDPA statutory limitation period because it was filed on March 30, 2006, long after the expiration of the one-year period.  Because Violette filed his federal habeas corpus petition more than a year after his state court conviction became final, his petition is barred by AEDPA's statute of limitation.

## IV.  CONCLUSION

Violette has presented no facts or authority to demonstrate why his petition for writ of habeas corpus is not barred by AEDPA's statute of limitation.  For the reasons stated above, Respondent's Motion for Summary Judgment (Doc. No. 9) is granted,

and Petitioner's Motion for Injunction (Doc. No. 11) and Motion for Summary Judgment (Doc. No. 10) are denied.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

October 15, 2007

cc:   Kenneth Violette, pro se
      Susan P. McGinnis, Esq.